IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gilbert Llovet, )<br><br>*Plaintiff,* )<br><br>-*vs*- )<br><br>City of Chicago, William M. Heneghan )<br>and Robert L. Lottman, )<br><br>*Defendants.* ) | No. 13 CV ____<br><br>*(jury demand* |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.    This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and §1367.

2.    Plaintiff Gilbert Llovet is a resident of the Northern District of Illinois.

3.    Defendants William M. Heneghan and Robert L. Lottman are police officers of the City of Chicago or of the State of Illinois. Plaintiff sues these police officers in his individual capacity.

4.    Defendant City of Chicago is an Illinois municipal corporation. Plaintiff asserts a state law malicious prosecution claim against the City.

5.    More than two years before the filing of this action, defendants Heneghan and Lottman caused plaintiff to be arrested and prosecuted on felony charges. Plaintiff acknowledges that any false arrest

claim is barred by the statute of limitations. As explained below with greater specificity, plaintiff brings this action to reverse existing law and to establish new law about the existence of a Section 1983 action in the nature of malicious prosecution.

6.     At the time they initiated the criminal prosecution, defendants Heneghan and Lottman knew that there was not probable cause to prosecute plaintiff; Heneghan and Lottman were motivated by malice because plaintiff had complained about them to the Chicago Police Department.

7.     Defendants Heneghan and Lottman undertook the above referred acts while acting within the scope of their employment as Chicago police officers.

8.     As a result of the above referred criminal prosecution, plaintiff was held in custody at the Cook County Jail until he was acquitted of all of the false charges on July 9, 2013.

9.     Plaintiff recognizes that in *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001, the Seventh Circuit held that "malicious prosecution does not violate the Constitution's due process clause … provided that state law recognizes malicious prosecution as a tort." *Avila v. Pappas*, 591 F.3d 552, 553-54 (7th Cir. 2010) (emphasis supplied). Nothing in *Newsome* speaks to the viability of a Fourth Amendment wrongful prosecution claim: the

Court recognized that "*Newsome* had a potential fourth amendment claim," *Newsome*, 256 F.3d at 751, but concluded that this potential claim was time barred because "the statute of limitations expired long ago." Id. at 751-52.

10.     Plaintiff contends that *Newsome* should be reexamined in light of the recent decision of the Court of Appeals in *Ramos v. City of Chicago*, No. 10-3245 (7th Cir., May 23, 2013) and the intervening decision of the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007).

Wherefore each plaintiff requests that judgment be entered against plaintiffs for compensatory damages in an amount in excess of one hundred thousand dollars and against the individual officers for punitive damages both in an amount in excess of twenty-five thousand dollars. Plaintiffs also requests that the Court declare that the City of Chicago is liable for any award of compensatory damages against the police officer defendants.

/s/  Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
200 S Michigan Ave Ste 201
Chicago, IL 60604-2407
(312) 427-3200
*Attorney for Plaintiffs*